IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WAYNE BARRETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 124-126 |
| | ) | |
| STATE OF GEORGIA, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On August 5, 2024, Plaintiff,[1] proceeding *pro se*, filed the instant "Notice of Removal to Federal Court," in which he purports to remove four criminal cases related to alleged traffic infractions from the State Courts of Cobb County and Fulton County, as well as the related issuance of one criminal warrant in the Magistrate Court of Cobb County, to federal court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  (Doc. no. 1.)  Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP").  (Doc. no. 5.)  For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's IFP motion be **DENIED** as **MOOT**, (doc. no. 5), and this case be **DISMISSED** and **CLOSED**.  Although "removal" was never accomplished in a procedurally proper manner, in an abundance of caution, the Court also **REPORTS** and **RECOMMENDS** the underlying traffic cases and related warrant

---

[1] Although Plaintiff's filings demonstrate he is the defendant in the various state court actions, his filings in this Court assert he is the Plaintiff and State of Georgia is the Defendant in the removed case. (See doc. no. 1.)  Because the case is subject to remand on jurisdictional grounds, the Court need not address the improper party assignments at this time and utilizes the nomenclature used by Plaintiff on the Notice of Removal and on the Court docket.

application proceedings be **REMANDED** to the State Court of Cobb County, the State Court of Fulton County, and the Magistrate Court of Cobb County.

The threshold issue raised by Plaintiff's notice as it relates to his traffic charges and related warrant is whether the Court has jurisdiction to hear his claims. "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985) (*per curiam*) (citations omitted). The Eleventh Circuit has described the extent of the Court's obligation to consider the limits of its jurisdiction *sua sponte*:

> A court lacking jurisdiction cannot render judgment but must dismiss the cause *at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking* . . . . The party invoking the jurisdiction of the court has the duty to establish that federal jurisdiction does exist . . . but, since the courts of the United States are courts of limited jurisdiction, there is a presumption against its existence . . . . Thus, the party invoking the federal court's jurisdiction bears the burden of proof . . . .
>
> If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte* . . . . Therefore, lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation . . . .

Id. (citations omitted). Plaintiff has not alleged any legitimate basis for the exercise of federal jurisdiction. (See doc. no. 1.)

Plaintiff's action is based on his alleged violations of the Official Code of Georgia and prosecutions for such. (See doc. no. 1, pp. 7-14, 16, 22-34, 36-38, 40-42.) However, it is long-settled federal courts have no jurisdiction over criminal matters, except for what is provided by statute. See United States v. Hudson, 11 U.S. 32, 33-34 (1812) (noting "jurisdiction of crimes against the state is not among [the] powers" implied to federal courts). Here, Plaintiff

2

has failed to point to any valid authority demonstrating this Court has subject-matter jurisdiction over his claims, which concern criminal matters firmly within the purview of the State of Georgia.

To the extent Plaintiff intends to challenge the validity of any sentence that may be imposed, any such action is premature. First, it does not appear Plaintiff has been convicted or sentenced.[2] Notably, even if Plaintiff had already been sentenced, a petitioner may not bring a federal habeas petition before first exhausting his state remedies. Under the Anti-Terrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214, and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to her by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). Accordingly, even if Plaintiff's notice were to somehow be construed as a federal habeas petition, such petition is markedly premature and therefore subject to dismissal on that ground.

Moreover, to the extent Plaintiff raises constitutional claims regarding his state court criminal proceedings, including the propriety of the warrant issued against him, dismissal is warranted under the Younger abstention doctrine. The question of whether a federal court

---

[2] See Cobb County State Court Docket, available at https://www.cobbcounty.org/courts/state-court/clerk/court-connect (follow "Search by person name" hyperlink; search for "Wayne Barrett," then click hyperlinks for case numbers 22-V-9165, 24-T-6159, and 23-V-11657, last visited August 13, 2024); Georgia Courts E-Access to Court Records, available at https://georgiacourts.gov/eaccess-court-records, (follow "Fulton State" link, sign in to re:SearchGA, search for "24CIT000605," then click hyperlink to case, last visited Aug. 13, 2024); see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings).

should abstain from interfering with a state judicial proceeding under the principle of Younger v. Harris, 401 U.S. 37 (1971), must be considered in three parts: "first, do [the proceedings] constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003). All three factors weigh in favor of abstention. First, as noted above, public records confirm state proceedings are ongoing. Second, the state proceedings implicate important state interests in criminally prosecuting such offenses. Absent "extraordinary circumstances," federal courts should not intervene in state criminal prosecutions. Younger, 401 U.S. at 45. Third, Plaintiff has not established the state proceedings would fail to provide an adequate remedy for his federal claim. See 31 Foster Children, 329 F.3d at 1279. Indeed, Plaintiff can raise his claims as well as other constitutional challenges during his criminal proceedings and on appeal. Thus, the Court should abstain from considering Plaintiff's claims under the Younger doctrine, and such claims should be dismissed without prejudice. See Jackson v. Georgia, 273 F. App'x 812, 813-14 (11th Cir. 2008) (affirming *sua sponte* dismissal due to Younger abstention); Smith v. Mercer, 266 F. App'x 906, 908 (11th Cir. 2008) (noting "[a] dismissal pursuant to the Younger doctrine is without prejudice and does not preclude later re-filing of the complaint").

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's IFP motion be **DENIED** as **MOOT**, (doc. no. 5), and this case be **DISMISSED** and **CLOSED**. Although "removal" was never accomplished in a procedurally proper manner, in an abundance of caution, the Court also **REPORTS** and **RECOMMENDS** the

4

underlying traffic cases and related warrant application proceedings be **REMANDED** to the State Court of Cobb County (cases 22-V-9165, 24-T-6159, and 23-V-11657), the State Court of Fulton County (case 24CIT000605), and the Magistrate Court of Cobb County (case 23-W-11492).

SO REPORTED and RECOMMENDED this 13th day of August, 2024, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA